Gen. 279]                                                        279

**HEALTH OCCUPATIONS – DENTISTS – ADVERTISING OF SPECIALTY SERVICES**

November 10, 1994

*Melvin J. Slan, D.D.S.*
*Secretary-Treasurer*
*Maryland State Board of Dental Examiners*

You have requested our opinion concerning the authority of the Board of Dental Examiners to take action against licensees who list themselves in directories or otherwise advertise as performing certain specialty services without meeting the criteria for identification as a specialist.

For the reasons stated below, we conclude as follows:

1.    If a dentist is not identified by the Board as a specialist in a field of dentistry designated by law as a specialty, the Board may take disciplinary action against the dentist for advertising that he or she is such a specialist.

2.    Even if a dentist is not identified as a specialist in a field of dentistry, the Board may not take disciplinary action against the dentist for truthfully advertising that he or she performs that particular dental service.

3.    The Board may adopt a regulation that would require certain affirmative disclosures in conjunction with an advertising claim  about the performance of particular dental services and, after adoption of the regulation, could take disciplinary action against dentists who fail to provide the required disclosure.

**I**

**Specialization**

The Dentistry Act prohibits a dentist from "represent[ing] to the public that the licensee is a specialist in any field of specialized dental practice unless identified as a specialist in that field by the Board."  HO §4-504(a) of the Health Occupations ("HO") Article,

Maryland Code. *See also* HO §4-503(b)(1)(ii). The Act designates the following "specialties":

(1) Endodontics;

(2) Oral pathology;

(3) Oral surgery;

(4) Orthodontics;

(5) Pediatric dentistry;

(6) Periodontics;

(7) Prosthodontics;

(8) Public health; and

(9) Any other field of specialized dental practice that the Board approves under this section.

HO §4-504(c).[1] The "required qualifications for identification as a specialist" are to be set out in a regulation. HO §4-504(d). The Board has done so in COMAR 10.44.14.04.

Neither the Dentistry Act nor the regulation purports to limit the practice of any licensed dentist, however. Under HO §4-308(a), "[a] general license to practice dentistry ... authorizes the licensee to practice dentistry while the license is effective." The term "practice dentistry" is defined in broad terms and encompasses all of the specialty fields. *See* HO §4-101(m).[2]

Thus, any licensed dentist is free to perform services in any of the designated specialty fields. In this respect, dentistry is like medicine: Although physicians tend to specialize and to acquire

---

[1] The Board has not approved any new specialty. *See* COMAR 10.44.14.03.

[2] The definition includes, for example, "any intraoral dental service ...." HO §4-101(m)(2) (emphasis added).

credentials that underlie the expertise associated with a specialist, any physician is free to perform any act within the scope of practice of medicine.    Putting to one side the issue of malpractice, a dermatologist, for example, is legally free to practice brain surgery. So any licensed dentist is free to practice any of the dental specialties.

The concern of the Dental Board is that the public might be misled by a non-specialist dentist's advertising claim that he or she performs a particular service.  A dentist who advertises the service of orthodontics, for example, might be thought to imply that the dentist is a specialist in that field.  If the dentist has not met the Board's requirements for specialty identification, the implied claim would be false.  The Board would like to be able to act against such advertising under HO §4-503(a)(4), which prohibits advertising that "tends to deceive and mislead the public."

## II

### First Amendment Considerations

As the Dental Board is aware from a prior exhaustive opinion on the subject, the First Amendment to the United States Constitution imposes limitations on the authority of the Board to act against advertising by dentists. *See* 70 *Opinions of the Attorney General* 43 (1985).

One principle of the commercial speech doctrine, as developed in the several cases of the Supreme Court, is that a regulatory body may prohibit advertising that is actually or inherently false, misleading, or deceptive. *Ibanez v. Florida Dep't. of Business & Prof. Regulation*, 114 S. Ct. 2084, 2088 (1994); *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 638 (1985).  In our view, this principle allows the Dental Board to prohibit a dentist who is not a specialist from self-labeling that falsely implies the specialist status of the dentist.  For example, a dentist who has not attained identified specialty status in orthodontics may not lay claim to being an orthodontist.  The use of that label for the dentist inescapably conveys the impression of a specialty status that the dentist does not have.  Thus, HO §§4-503(b)(1)(ii) and 4-504(a) — which, as we have construed them, apply only to false claims that one is a specialist — are constitutional. *See* 70 *Opinions of the Attorney General* at 64-66. *See also The Florida Bar v. Herrick*, 571 So. 2d 1303, 1307 (Fla. 1990), *cert. denied*, 111 S.Ct. 2798 (1991) (upholding ban on

use of term "specialist" by lawyer who is not officially designated or certified in that area of practice); *Parmley v. Missouri Dental Bd.*, 719 S.W.2d 745, 752-53 (Mo. 1986) (upholding ban on non-specialists' advertising as specialists or limited practitioners).

By contrast, an advertising claim that a non-specialist dentist simply performs a particular service — orthodontics, for example — is not actually or inherently false, misleading, or deceptive. Indeed, the statement is true:  The dentist does perform orthodontics, as he or she is legally authorized to do.  *See The Florida Bar v. Herrick*, 571 So. 2d at 1307 (noting that lawyer prohibited from advertising as a specialist "is not prevented from advertising that he practices in the [specialty] area ...").

To be sure, such an advertising claim is *potentially* misleading. Some who encounter the advertising might assume, erroneously, that the dentist must be a specialist if he or she advertises the service. But the First Amendment does not allow commercial speech that is merely potentially misleading to be banned altogether.  *See, e.g., Peel v. Attorney Registration & Disciplinary Comm'n,* 496 U.S. 91, 110 (1990); *Bates v. State Bar of Arizona,* 433 U.S. 350, 375 (1977). As the Supreme Court held in another case, "the States may not place an absolute prohibition on certain types of potentially misleading information, *e.g.,* a listing of areas of practice, if the information also may be presented in a way that is not deceptive." *In re R.M.J.*, 455 U.S. 191, 203 (1982).

These principles have been applied in exactly the area of your inquiry by a federal appellate court.  In *Parker v. Commonwealth of Kentucky, Board of Dentistry*, 818 F.2d 504 (6th Cir. 1987), the Kentucky regulatory scheme was much like Maryland's.  Through special licensure, a dentist could attain a specialty designation and advertise as a specialist in that particular field of dentistry. Nevertheless, any licensed dentist in Kentucky was allowed to perform services in any or all of the fields of dentistry for which specialty designation was available.

Parker, a general practice dentist, was not a designated specialist in orthodontics.  Nevertheless, he performed orthodontic procedures as a significant part of his practice.  In telephone directory advertising, Parker listed orthodontics as one of the services that he offered.  The Kentucky Board then brought disciplinary action against him.  818 F.2d at 506.

The federal court rejected the argument that the dentist's use of the term "orthodontics" was inherently misleading:

> Such terms are not false, but actually describe procedures which a general practicing dentist is permitted to perform under state law. If a state permits a dentist to perform orthodontic procedures, we do not believe a state can justify an outright ban on the use of particular terms relating to orthodontics on the theory that such terms inherently mislead the public. To the contrary, by suppressing such speech, the public will possibly be misled into believing that only orthodontists can perform orthodontic procedures. Since this information is truthful and relates to a lawful activity, it is entitled to First Amendment protection.

818 F.2d at 510.

The court went on to observe "that even assuming this information could be classified as potentially misleading, the state's outright prohibition on the use of these terms cannot be justified." *Id.* The court recognized the state's "substantial interest in enabling the public to distinguish between general practitioners and specialists or in ensuring the professional conduct of dentists. Such interest in this context, however, can be furthered by requiring more disclosure; an outright ban on the use of specific, nonmisleading terms is simply not narrowly tailored to meet the state's concern." 818 F.2d at 510-11.

The court pointed out that information about a non-specialist's scope of practice "can be presented in a way which does not mislead the public into believing that a general practicing dentist is a dentist with an orthodontia specialty license. A disclaimer to such an effect would adequately address the state's concern." 818 F.2d at 510.

In our view, this analysis correctly applies First Amendment principles to a non-specialist dentist's advertising of areas of practice that are designated specialties. The Dental Board is constitutionally permitted to adopt a regulation requiring affirmative disclosures − for example, a requirement that advertising of a specialty service by a non-specialist contain a disclaimer of specialty status. *See Parmley v. Missouri Dental Bd.,* 719 S.W. 2d at 752

(upholding disclaimer requirement for non-specialist dentist whose advertising contains "terms denoting recognized specialties"). *See generally Zauderer v. Office of Disciplinary Counsel*, 471 U.S. at 651.[3] It is not constitutionally permitted to prohibit that kind of advertising, however.

## III

### Conclusion

In summary, it is our opinion that, although the Board of Dental Examiners may prohibit a dentist who is not an identified specialist from advertising that the dentist is a specialist, the Board may not prohibit a truthful advertising claim by a non-specialist that he or she performs a specialty service. The Board may adopt a regulation, however, to require appropriate affirmative disclosures in conjunction with such a claim.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*

*Editor's Note:*

Since the issuance of this opinion, the General Assembly has repealed the list of specialities in HO §4-504(c) and substituted an authorization for the Board to "approve any area of speciality recognized by the Commission on Dental Accreditation ...." Chapter 376, Laws of Maryland 1999.

---

[3] A non-specialist who advertises that orthodontics is part of his or her practice could be required, for example, to state in any advertising "not a specialist in orthodontics" or some other phrase designed to avert any misimpression about the dentist's status as a specialist. Although such an affirmative disclosure requirement can call for disclaimers of this kind to be done in a way that consumers will notice the disclaimer, the requirement may not be so burdensome as to effectively chill the advertising that is entitled to First Amendment protection. *See Zauderer v. Office of Disciplinary Counsel*, 471 U.S. at 651.